IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY A. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | No.  15-323 |
| | : | |
| CAROLYN W. COLVIN | : | |

<u>MEMORANDUM</u>

**Juan R. Sánchez, J.**  November 17, 2016

Plaintiff Randy A. Brown seeks review of the denial of his application for disability insurance benefits and supplemental security income by the Commissioner of Social Security. United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation (R&R) recommending Brown's request for review be denied, to which Brown has objected.  Upon de novo review of the R&R, Brown's objections thereto, and the Commissioner's response, Brown's objections will be overruled, the R&R will be approved and adopted, and Brown's request for review will be denied.

In a May 17, 2013, decision, an Administrative Law Judge (ALJ), applying the five-step sequential evaluation process for determining whether an individual is disabled, *see* 20 C.F.R. § 404.1520, found Brown suffers from the severe impairment of status post right rotator cuff tear, although the impairment does not meet or medically equal a listed impairment. Upon consideration of the record, the ALJ determined Brown retained the residual functional capacity to perform light work with the following limitations: (1) no overhead reaching with the right upper extremity and only occasional reaching in all other directions with the right upper extremity; and (2) no climbing ladders, ropes, or scaffolds.  The ALJ found there were jobs in significant numbers in the national economy which Brown could perform, including machine tender, machine operator, and housekeeper cleaner/office cleaner.

In his request for review, Brown asserts the ALJ's decision is not supported by substantial evidence because the ALJ failed to (1) consider all of his impairments in formulating his Residual Functional Capacity (RFC); (2) properly evaluate his mental impairment; (3) resolve a conflict between the Vocational Expert's (VE) testimony and the Dictionary of Occupational Titles (DOT); and (4) allow lay testimony.  On December 29, 2015, Judge Lloret issued an R&R addressing each of these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending Brown's request for review be denied. Brown filed objections to Judge Lloret's resolution of the two issues pertaining to his RFC and the VE-DOT conflict.

Under 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552 (citation and internal quotation marks omitted).  Although substantial evidence is "more than a mere scintilla," it "may be somewhat less than a preponderance of the evidence."  *Id.* (citation and internal quotation marks omitted).

Brown first contends the ALJ erred by not considering his left shoulder limitations in formulating his RFC.  As found by Judge Lloret, the ALJ considered Brown's left shoulder in assessing his RFC.  The ALJ summarized Brown's September 22, 2011, visit with Dr. Brett Sweitzer, noting that Brown told Dr. Sweitzer he had gone to the emergency room in July after injuring his left shoulder; he received no further treatment for the injury due to financial issues;

he continued to work, requiring some assistance during more strenuous activities; he had difficulty lifting his arm; and he suffered from shoulder pain at night, for which he took over-the-counter pain medication and used ice. R. at 25. The ALJ further noted a September 29, 2011, MRI showed a complete tear of the supraspinatus tendon—part of the shoulder rotator cuff—but that there were no subsequent treatment notes. *Id.* At the ALJ hearing, Brown denied the existence of left shoulder problems and testified he takes out the trash with his left hand and can pick up two gallons of milk with his left hand. *Id.*

In rendering her decision, the ALJ afforded great weight to the medical source statement of state agency medical consultant Dr. Hurley Knott, who reviewed the medical record and determined Brown can perform light work but can never climb ladders, ropes, or scaffolds, and is limited in reaching overhead with the left upper extremity. *Id.* at 33 (citing Ex. 9F). However, the ALJ noted Brown "has not alleged limitations in using his left upper extremity such as for reaching," and concluded that although the objective evidence showed a complete tear in the left shoulder, the tear does not affect Brown's functioning. *Id.* Thus, the ALJ determined Brown's RFC is restricted by only right upper extremity limitations, but nevertheless "accommodate[d] any left shoulder impairment" by limiting Brown's RFC to light work. *Id.* at 33-34.

In his objections, Brown argues that in limiting him to light work, without additional left-arm limitations, the ALJ failed to account for his limitations in reaching, which were objectively supported by his left shoulder MRI. Moreover, he argues the ALJ's RFC assessment is internally conflicting because the ALJ afforded great weight to Dr. Knott's medical source statement but, without explanation, rejected Dr. Knott's finding that Brown's use of his left arm is limited. Brown argues the ALJ's finding that his left arm limitations are non-severe is

insufficient because the ALJ failed to address the contradictory weight she accorded to different aspects of Dr. Knott's opinion.

The Social Security Regulations require that, in assessing an RFC, the ALJ must describe how the evidence supports each conclusion, and "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see* 20 C.F.R. § 416.927(e)(2) ("[T]he administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician."). The ALJ "may not pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (internal quotation marks and citations omitted).

The Court agrees with Judge Lloret's conclusion that the ALJ was justified in not incorporating left arm reaching limitations into Brown's RFC. Based on Brown's testimony and on her thorough review of the medical records relevant to Brown's left shoulder injury, the ALJ found that despite the MRI results, the record as a whole showed only minor, if any, left arm limitations: Brown never received follow-up treatment for his left shoulder (despite receiving follow-up treatment for his right shoulder); his reported daily activities and work history showed little, if any, limitation using his left arm; and during the hearing before the ALJ, Brown reported right-arm limitations but failed to report any pain or restrictions associated with his left arm or shoulder. Indeed, at one point during the hearing, the ALJ asked Brown whether "the problems that you have with washing and reaching . . . is with your left shoulder or your right?" Brown answered: "My right shoulder." R. at 67. Thus, the ALJ only limited Brown to light work to account for any exertional left-arm limitation.

Furthermore, even if the ALJ could have been more explicit in explaining her rejection of Dr. Knott's left-arm limitation, remand would still not be warranted because the record is clear that the ALJ did not merely ignore the opined limitation. *See Chapo v. Astrue*, 682 F.3d 1285, 1288-89 (10th Cir. 2012) (where plaintiff argued "RFC findings deviate[d] from the one medical opinion given weight by the ALJ," the court concluded substantial evidence supported ALJ decision, noting "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question"); *cf. McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) ("We review the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation."); *Depover v. Barnhart,* 349 F.3d 563, 567 (8th Cir. 2003) ("Here, however, the ALJ did not simply describe the RFC in 'general terms.' He made explicit findings and, although we would have preferred that he had made specific findings as to sitting, standing, and walking, we do not believe that he overlooked those functions.").  In any event, the ALJ's failure to specifically explain why she afforded Dr. Knott great weight but rejected Dr. Knott's left arm limitation is harmless because it would have "added nothing that the ALJ had not already taken into account." *McGraw v. Comm'r Soc. Sec.*, 609 F. App'x 113, 116 (3d Cir. 2015); *see Albury v. Comm'r of Soc. Sec.*, 116 F. App'x 328, 330 (3d Cir. 2004) (noting that although the ALJ failed to discuss the applicable Listings, as required by case law, the ALJ's decision allowed for meaningful judicial review, and "any error was harmless because the decision is still supported by substantial evidence").

Brown next contends the ALJ erred by failing to resolve a conflict between the VE's testimony and the DOT, namely that the three jobs identified by the VE require either constant or frequent reaching.  At the end of her questioning, the ALJ asked the VE whether her testimony

was consistent with the DOT, and the VE answered affirmatively. Brown argues such questioning was insufficient, and the ALJ was required to resolve the conflict before relying on the VE's testimony. Under Social Security Ruling 00-4p, an ALJ must inquire about discrepancies between a VE's testimony and the DOT, and resolve any such conflict before relying on the VE's testimony. 2000 WL 1898704, at *2 (Dec. 4, 2000); *see Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002).

In his R&R, Judge Lloret noted Brown provided no authority for his claim that a conflict existed, and that, in fact, *Diehl v. Barnhart*, 357 F. Supp. 2d 804 (E.D. Pa. 2005) supports the position that the ability to work with one arm, along with occasional assistance from the other arm, does not present a conflict under the law. R&R at 12-13. Moreover, Judge Lloret noted that even if a conflict existed, an unexplained conflict does not necessarily trigger remand where the ALJ and the plaintiff's attorney engage in detailed questioning of the VE, as they did in this case. *Id.* at 13 (citing *Diehl*, 357 F. Supp. 2d at 823).

In his objections, Brown relies on *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015) to assert a conflict does in fact exist and the ALJ was required to resolve it. In *Pearson*, the plaintiff alleged the ALJ failed to resolve a conflict between the VE's testimony and the DOT "as to whether the jobs identified by the expert required an ability [the plaintiff] did not have—to frequently reach overhead with both arms." 810 F.3d at 207. The court found that not only did the ALJ have an affirmative duty to identify conflicts between VE testimony and the DOT, *id.* at 208, but that "it is the purview of the ALJ to elicit an explanation from the expert as to whether [the] occupations do, in fact, require frequent bilateral overhead reaching," *id.* at 211. Brown further points out that in *Diehl*, the VE specifically indicated that the proposed jobs could be performed with the use of one arm, whereas there was no such testimony here.

6

The Court agrees with Judge Lloret that even though the DOT states the three jobs identified by the VE—machine tender, machine operator, and housekeeper—require constant or frequent reaching, it is not clear a conflict between the VE testimony and the DOT exists, as Brown may be able to perform those jobs by reaching with his left hand with occasional assistance from his right hand. *See Diehl*, 357 F. Supp. 2d at 822. Although she failed to specifically indicate whether the machine jobs could be performed with one arm, the VE clarified that "most of the work" for the housekeeper position "is usually done with one hand with the other hand as an assistive." R. at 73.

The VE's testimony also demonstrates both she and the ALJ considered the reaching components of the jobs, in line with *Pearson*. The VE first noted the DOT does not clearly delineate the meaning of "reaching," and asked the ALJ for clarification. *Id.* at 69. In response, the ALJ explained "occasional reaching" referred to reaching in all directions, and "overhead" referred to above the shoulder movement. *Id.* The ALJ then posed two hypotheticals, first including a limitation of "no more than frequent reaching" on the right side, and next including a limitation of only occasional reaching, but no overhead reaching, on the right side. R. at 68-69. The VE modified her response after the second hypothetical to account for the added reaching limitation. *Id.* at 70. Because the ALJ and the VE explicitly considered the specific types of reaching, and the ALJ inquired into a potential conflict with the DOT, any inconsistency between the VE's testimony and the DOT is harmless and does not require remand. *See Jackson v. Barnhart*, 120 F. App'x 904, 906 (3d Cir. 2005) ("Where substantial evidence supports the ALJ's opinion and where the failure to solicit the testimony contemplated in SSR 00–4p is harmless, this court will not reverse the ALJ's decision.").

Because this Court agrees with the Magistrate Judge that Brown's challenge to the ALJ's finding he is not disabled lacks merit, Brown's objections to the R&R will be overruled, the R&R will be approved and adopted, and Brown's request for review will be denied. An appropriate order follows.

               BY THE COURT:

               <u>/s/ Juan R. Sánchez</u>
               Juan R. Sánchez